# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRY ELLEN SHUSTER,**
Administratrix of the Estate of **SCOTT CURTIS THACKER**,

    Plaintiff

vs.

**UNITED STATES OF AMERICA,**

    Defendant.

CIVIL ACTION NO. 1:22-cv-10(Kleeh)

ELECTRONICALLY FILED
1/28/2022
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

Plaintiff, Terry Ellen Shuster, Administratrix of the Estate of Scott Curtis Thacker, by and through her attorneys, **FITZSIMMONS LAW FIRM PLLC**, upon information and belief, states and alleges as follows for her complaint against Defendant United States of America:

### Parties

1. Plaintiff Terry Ellen Shuster is the surviving daughter of Scott Curtis Thacker who died on September 3, 2020, while hospitalized as a patient at The Louis A. Johnson VAMC located in Clarksburg, West Virginia. At the time of his death, Scott Curtis Thacker was a resident and citizen of Harrison County, West Virginia. Plaintiff Terry Ellen Shuster is a resident and citizen of York County, Pennsylvania, and was duly appointed as Administratrix of the Estate of Scott Curtis Thacker by the County Commission of Harrison County, West Virginia.

2. Scott Curtis Thacker at times herein, is referred to as "Plaintiff's Decedent."

3. Defendant United States of America (hereinafter "USA"), through the United States Veterans Health Administration and the United States Department of Veteran Affairs ("VA"), at all times alleged herein, is the federal governing body responsible for funding, operating, administering, controlling, supervising, and managing the business and employment

affairs, and implementing the healthcare program of the VA available to eligible military veterans. The Louis A. Johnson VAMC located in Clarksburg, West Virginia, is one of the many VA Medical Centers operated through the United States Veterans Health Administration and the United States Department of Veteran Affairs ("VA").

4. At all times material herein, the nurses, nursing assistants and direct care staff at The Louis A. Johnson VAMC, were employees and/or agents of Defendant USA, including the nurses, nursing assistants and direct care staff who participated in the care and treatment of Scott Curtis Thacker while he was a patient at The Louis A. Johnson VAMC, and specifically including the care and treatment provided to Plaintiff's Decedent on September 3, 2020.

5. In committing the acts alleged herein, each and every employee, agent, representative, and/or any other person acting on behalf of Defendant USA, was working within the course and scope of said agency, representation, and/or employment, and said acts were authorized, ordered, done and/or ratified by Defendant USA.

6. Defendant USA is legally liable for the medical negligence of its employed nurses, nursing assistants and direct care staff working at The Louis A. Johnson VAMC, which proximately caused the wrongful death of Scott Curtis Thacker on September 3, 2020, as set forth herein.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over the claims made by the Plaintiff against the United States pursuant to 28 U.S.C §2671 *et seq.*, and West Virginia Code §55-7B-1, *et seq.*, and West Virginia Code 55-7B-6.

8. This Court has original jurisdiction pursuant to 28 U.S.C. §1346(b). Further, pursuant to 28 § U.S.C. §1391(b), venue is proper in this Judicial District because a substantial

part of the events or omissions giving rise to the claim occurred in Clarksburg, Harrison County, West Virginia.

### Pre-suit Notice

9. Prior to filing this Complaint, Plaintiff complied with all pre-suit notice and administrative requirements to permit them to institute litigation against Defendant USA.

10. In accordance with 28 U.S.C. §2679, on November 12, 2020, an administrative claim (*i.e.,* SF95, Claim for Damage, Injury, or Death) was presented to the United States Department of Veterans Affairs, Office of General Council, Torts Law Group (021), 810 Vermont Avenue NW, Washington DC 20420.

11. On February 3, 2021, the United States Department of Veterans Affairs sent a letter to Plaintiff denying the administrative claim.

12. On June 30, 2021, Plaintiff, pursuant to W.Va. Code §55-7B-6(b) of the West Virginia Medical Professional Liability Act (MPLA), served a Notice of Claim and Screening Certificate upon the United States Department of Veterans Affairs, Office of General Council, Torts Law Group (021), 810 Vermont Avenue NW, Washington DC 20420, requesting reconsideration of the U.S. Department of Veterans Affairs (VA) denial of the administrative claim on February 3, 2021.

13. The U.S. Department of Veteran Affairs (VA), by letter dated July 22, 2021, acknowledged receipt of Plaintiff's request for reconsideration of the denial of the administrative claim, and further advised Plaintiff that her right to file suit was suspended for a six-month period while the agency reconsidered its previous denial of the claim.

14. More than six months has passed since Plaintiff's submission of its request for a reconsideration of the administrative claim on June 30, 2021, and the administrative claim has

been without action for six (6) months, permitting claimant/plaintiff to institute litigation without final action on the administrative claim.

15. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act (FTCA) and the West Virginia Medical Professional Liability Act (MPLA) set forth in W.Va. Code §55-7B-1, *et seq*.

**Factual Allegations**

16. On September 2, 2020, Scott Curtis Thacker was admitted as a patient to The Louis A. Johnson VAMC, 1 Medical Center Dr, Clarksburg, WV 26301.

17. Upon his admission to The Louis A Johnson VAMC, the nurses, nursing assistants and/or medical staff at The Louis A. Johnson VAMC failed to assess Scott Curtis Thacker's level of fall risk, including up to the time that he fell on September 3, 2020.

18. Following his admission to The Louis A Johnson VAMC, Scott Curtis Thacker made repeated attempts to stand up on his own. Despite his repeated attempts to stand up on his own, Defendant USA's nurses, nursing assistants and/or medical staff at The Louis A. Johnson VAMC failed to assess Scott Thacker's level of fall risk.

19. Following his repeated attempts to stand up on his own, Defendant USA's nurses, nursing assistants and/or medical staff at The Louis A. Johnson VAMC improperly restrained Scott Thacker by using four (4) siderails on his bed.

20. Further, despite his repeated attempts to stand up on his own, Defendant USA's nurses, nursing assistants and/or medical staff at The Louis A. Johnson VAMC failed to set Scott Thacker's bed alarm at the appropriate sensitivity setting based upon their patient's high fall risk and repeated behaviors.

21. Upon information and belief, Defendant USA's nurses, nursing assistants and/or medical staff at The Louis A. Johnson VAMC also failed to institute appropriate interventions to

prevent Scott Curtis Thacker from falling while he was a patient at The Louis A. Johnson VAMC.

22. As a direct and proximate result of Defendant USA's nurses, nursing assistants and/or medical staff's acts and/or omissions set forth hereinbefore, individually and/or in combination thereof, on September 3, 2020, at approximately 6:05 a.m., Scott Curtis Thacker fell in his room striking his head, resulting in a laceration to his right eyebrow, a hematoma to his head and further causing an acute subdural hematoma.

23. As a direct and proximate result of the subject fall at approximately 6:05 a.m. on September 3, 2020, Scott Curtis Thacker died on September 3, 2020.

24. Following his death, an autopsy was performed which confirmed that the subject fall on September 3, 2020, caused a laceration to Scott Thacker's right eyebrow, a hematoma to his head and further caused an acute subdural hematoma resulting in Scott Curtis Thacker's death on September 3, 2020.

25. As a further direct and proximate result of the actions, omissions, and conduct of Defendant USA as described herein, Scott Curtis Thacker suffered severe and extreme personal and emotional injuries during his lifetime when he fell in his room on September 3, 2020, striking his head, including without limitation:

    a) Extreme pain and suffering;

    b) Permanent scarring and disfigurement;

    c) Extreme mental anguish;

    d) Emotional distress;

    e) Annoyance, aggravation, and inconvenience;

    f) Loss of the enjoyment of life;

    g) Medical expenses;

      h) Lost wages;

      i) Loss of future wages, earning capacity, and benefits;

      j) Loss of the ability to perform household services;

      k) Funeral, burial, and memorial expenses; and

      l) All other damages permitted by applicable law.

26. As a further direct and proximate result of the actions, omissions, and conduct of the Defendant USA as described herein, Plaintiff Terry Ellen Shuster, Administratrix of the Estate of Scott Curtis Thacker, and the statutory beneficiaries of Scott Curtis Thacker have been damaged and sustained the following damages, injuries, and losses:

      a) The wrongful death of Scott Curtis Thacker;

      b) Medical bills;

      c) Funeral, burial, and memorial expenses;

      d) Lost wages;

      e) Lost future earnings, wages, capacity and benefits;

      f) Lost household services;

      g) Loss of Scott Curtis Thacker's society, companionship, comfort, guidance, kindly offices, advice, services, protection, care and assistance;

      h) Severe and extreme mental anguish and solace, past and future; and

      i) All other damages permitted by applicable law.

27. Plaintiff incorporates by reference each of the averments set forth in the preceding Paragraphs in each Count of this Complaint.

## Count I: MEDICAL PROFESSIONAL LIABLITY

28. At all times material herein, Defendant USA owed a duty of care to Plaintiff and Plaintiff's Decedent.

29. At all times material herein, Defendant USA had a duty to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which it belongs acting in the same or similar circumstances.

30. Defendant USA by and through its nurses, nursing assistants and/or nursing staff at The Louis A. Johnson VAMC, all of who were employees and/or agents of Defendant USA, to a reasonable degree of nursing probability, breached and/or violated applicable standards of care in the care and treatment of Scott Curtis Thacker, on or about September 2, 2020, and through the time of his death on September 3, 2020, by, but not limited to: (a) failing to assess the patient's level of fall risk upon admission or at any time before the fall on September 3, 2020; (b) failing to perform a fall risk assessment after the patient made repeated attempts to stand up on his own; (c) improperly restraining the patient by using four (4) siderails on his bed; (d) failing to set the patient's bed alarm at the appropriate sensitivity setting based upon the patient's high fall risk and repeated behaviors; and (e) failing to institute appropriate interventions to prevent Scott Curtis Thacker's fall on September 3, 2020.

31. To a reasonable degree of medical probability, as a direct and proximate result of the Defendant's deviations/breaches of the standards of care as set forth herein, individually and/or in combination thereof, on September 3, 2020, Scott Curtis Thacker fell in his room striking his head. As identified in the medical records, including the autopsy report, the subject fall caused a laceration to Scott Thacker's right eyebrow, a hematoma to his head and further caused an acute subdural hematoma resulting in Scott Curtis Thacker's death on September 3, 2020.

32. Additionally and/or alternatively, to a reasonable degree of medical probability, the Defendant's failures to follow the accepted standards of care increased the risk of harm to

7

Scott Curtis Thacker, which was a substantial factor in bringing about the injuries to Scott Curtis Thacker, and the following of the accepted standards of care would have resulted in a greater than twenty-five percent (25%) chance that Scott Curtis Thacker would have survived.

33. As a direct and proximate result of Defendant's breaches of the standards of care, individually and/or in combination thereof, Plaintiff and Plaintiff's Decedent has been damaged and injured as is set forth herein.

## PRAYER

**Wherefore**, Plaintiff, Terry Ellen Shuster, Administratrix of the Estate of Scott Curtis Thacker, demands judgment against Defendant United States of America for:

(a) An amount of compensatory damages determined by a judge or jury according to the laws of the State of West Virginia;

b) Pre-judgment and post-judgment interest as provided under the law;

c) Costs and attorney fees expended in the prosecution of this matter, if permitted; and

d) Any and all further relief as a court deem just and proper.

The minimum jurisdictional amount established for filing this action is satisfied.

Respectfully Submitted,

**TERRY ELLEN SHUSTER,** Administratrix of the Estates of **SCOTT CURTIS THACKER,** *Plaintiff*

By: */s/ Brent E. Wear*
Brent E. Wear (WV Bar # 9754)
Robert P. Fitzsimmons (WV Bar # 1212)
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Avenue
Wheeling, West Virginia 26003
Telephone: (304) 277-1700
Fax: (304) 277-1705
Email: brent@fitzsimmonsfirm.com
Email: bob@fitzsimmonsfirm.com
*Counsel for Plaintiff*